IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

KENNETH HUNT                                                                                    PLAINTIFF

v.                                    No. 2:22-cv-17-DPM

DALE ACOSTA, Marianna Police Officer,
In His Individual and Official Capacity;
MARTIN WILSON, Chief of Police, In
His Individual and Official Capacity;
JIMMY WILLIAMS, Marianna Mayor, In
His Individual and Official Capacity;  and
CITY OF MARIANNA, ARKANSAS                                                  DEFENDANTS

ORDER

This case began more than three years ago.  The litigation has entailed cross motions for summary judgment, an interlocutory appeal, and a two-day jury trial.  Hunt prevailed on his unlawful arrest claim against Acosta at trial, and Judge Wilson entered Judgment on the jury's verdict.  In due course, Hunt moved for attorney's fees and costs. *Doc. 76, 86 & 87*.  Judge Wilson denied those motions without prejudice and directed Hunt to clarify his fees request.  *Doc. 88*.  Hunt did so. In April 2025, this case was randomly reassigned to me.  The dispute about attorney's fees and costs is all that remains.  42 U.S.C. § 1988(b).

Hunt's lawyer spent 343.1 hours on this case: 261.95 hours here, and 81.15 hours on appeal.  He requests $145,817.50 in attorney's fees and $3,134.78 in costs.  *Doc. 89*.  Acosta doesn't dispute that some

attorney's fees are available in this Court for work done on the interlocutory appeal. *Compare Gerling v. Waite*, WL 558083, at *4 (E.D. Mo. 24 Feb. 2022). The Court must determine the number of hours reasonably expended multiplied by a reasonable hourly rate, and then make any appropriate reductions. *Hensley v. Eckerhart*, 461 U.S. 424, 433–40 (1983); *Quigley v. Winter*, 598 F.3d 938, 956–59 (8th Cir. 2010).

The Court agrees with Acosta that the proposed rate of $425/hour is a tad high for this kind of work in the Eastern District of Arkansas. A rate of $350 is reasonable, which is what Hunt's lawyer has been awarded for the past few years here. *E.g.*, *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019); *Adams v. City of Little Rock*, 2023 WL 6038125, at *2 (E.D. Ark. 15 Sept. 2023), *aff'd*, 2024 WL 3713404 (8th Cir. 2024). The Court also reduces the 343.1 hours requested by 4.85 hours—the time spent keeping time. *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). The lodestar is therefore $118,387.50 (338.25 hours x $350/hour).

The Court must also make an additional reduction to arrive at a reasonable fee. *Hensley*, 461, U.S. at 434–37. Acosta is correct that there was a bit too much time spent on certain tasks, such as drafting and reviewing discovery, summarizing depositions, and reading cases. And although everything mixed together, Hunt didn't prevail on his claims against the city or his claims against Mayor Williams and Chief Wilson. Those things warrant a slight reduction.

But the Court disagrees with Acosta about the settlement talks and the appeal-related hours. As to the former, the record doesn't show a desire to run up fees. As to the latter, the 75% cut that Acosta seeks, *Doc. 84 at 10*, is too "arithmetically simplistic." *Phelps-Roper v. Koster*, 815 F.3d 393, 399 (8th Cir. 2016). Hunt's claims were all rooted in the same factual soil, so they can't be viewed in isolation. *Hensley*, 461 U.S. at 435. All material things considered, the Court reduces the lodestar by 10% to capture a reasonable fee of $106,548.75.

The Court also awards a reduced amount in costs. Fed. R. Civ. P. 54(d)(1). The filing fee, witness fees, and printing costs are recoverable. 28 U.S.C. § 1920(1)–(3). So are the deposition costs. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015). The postage and service fees are not. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Neither are the travel and lodging costs. But these items are routinely billed to clients in this district and will be awarded as part of the fee. The Court declines to award the unspecified FedEx charge. Here's the final award:

| Attorney's Fees | $106,548.75 |
| --- | --- |
| Costs | $2,036.03 |
| Other Expenses | $1,051.25 |
| **Total** | **$109,636.03** |

\*   \*   \*

Motion for attorney's fees and costs, *Doc. 89*, mostly granted and partly denied.

So Ordered.

*[signature: DPMarshall Jr.]*

D.P. Marshall Jr.
United States District Judge

<u>19 May 2025</u>